is made a part of this case. It is in the usual form of deeds of trust. After his death the trustee advertised the property for sale. The bank became the purchaser for a less amount than the debt due, and with the stipulation that the trustee must protect against the taxes. The sale by the trustee to the bank was on the 5th of December, 1842, and the distress of the personal property for the taxes, on the 20th of December, in the same year. Hayman died insolvent; his real estate encumbered beyond its value, and his personal property insufficient to pay the judgments rendered in his lifetime and his other debts. The question is whether the collector had a right to distrain the personal property for the taxes; or whether the lots are liable for them. If he had not, the trustee for the bank is to pay them out of the purchase money. If he had, the administrators are to pay them.

"W. Redin, for Administrators.
"Clement Cox, for Trustee and Bank."

The judgment of THE COURT was for the defendant, THE COURT being of the opinion that the personal estate of the intestate referred to was liable to be levied on and sold for the taxes mentioned in the statement.

HAYNE, Ex parte. See Case No. 4,336.

## Case No. 6,268.

### Ex parte HAYNES.

[See Case No. 6,269.]

## Case No. 6,269.

### In re HAYNES.

[2 N. B. R. 227 (Quarto, 78);[1] 1 Gaz. 78.]

District Court, District of Columbia. 1867.

BANKRUPTCY—CHOICE OF ASSIGNEE—DISTRIBUTION OF ASSETS.

When a single creditor appears at the first meeting of creditors, and proves his debt, the right to choose the assignee belongs to him. In the distribution of assets, he is entitled to be paid in full, if the fund be sufficient; if there is more than enough for this purpose, it should be distributed pro rata among the creditors who have failed to make proof of their claims, but whose claims have been acknowledged to be valid by the bankrupt.

[Cited in Re Hoyt, Case No. 6,806.]

[In bankruptcy. In the matter of David Haynes.]

WYLIE, J. Where, at the first meeting of the creditors of the bankrupt, a single creditor appeals and proves his debts, and where assets have come to the hands of the assignees, and no other debts are proven, in such case the right to choose the assignee belongs to the sole creditor who has proven his claim; and in the distribution of the assigned

[1] [Reprinted by permission.]

estate, he is entitled to be paid in full if there be enough for that purpose; if there be not enough he takes the whole. But if there be more than enough to pay his claims, then, rather than the balance should be returned to the bankrupt, it should be distributed pro rata among the creditors who have failed to make proof of their claims, but whose claims have been acknowledged to be valid by the applicant himself.

[See In re Brisco, Case No. 1,886; In re James, Id. 7,175.]

HAYNES (BLANCHARD v.). See Case No. 1,512.

HAYNES (CHRISTMAN v.). See Case No. 2,703.

HAYNES (DOHERTY v.). See Case No. 3,-963.

HAYNES (RAINER v.). See Case No. 11,-536.

HAYNES (UNITED STATES v.). See Cases Nos. 15,334 and 15,335.

HAYNIE (READ v.). See Case No. 11,608.

## Case No. 6,270.

### HAYS v. BELL et al.

[1 Cranch, C. C. 440.][1]

Circuit Court, District of Columbia. July Term, 1807.

ACTION OF DEBT—VERDICT.

In Alexandria, in an action of debt against the maker of a promissory note for two hundred and fourteen dollars, reduced by payments indorsed on the note before suit brought, to eight dollars and ninety-four cents, a verdict for the debt in the declaration mentioned to be released on the payment of eight dollars and ninety-four cents, will sustain a judgment for the plaintiff in the circuit court.

[Cited in Hellrigle v. Dulany, Case No. 6,-343.]

Debt on a promissory note for 214 dollars. Payments indorsed on the note, before the suit was brought, reduced the sum due on the note to eight dollars and ninety-four cents. The verdict was for the debt in the declaration, to be discharged on the payment of eight dollars and ninety-four cents.

E. J. Lee, for defendants [Bell and Wray], contended that a nonsuit ought to be entered, under Act Va. Dec. 3, 1792, p. 90, § 38.

Mr. Swann, for plaintiff, contended that this cause could not have been heard on a petition in Virginia. If an account in England be reduced by offsets to less than forty shillings, it is no cause of nonsuit. Pitts v. Carpenter, 1 Wils. 19. The declaration must state the whole amount of the note. The debt in law continues until the whole sum is paid. It is one entire debt. An action of debt must be brought on a promissory note under the act of assembly. If this action had been

[1] [Reported by Hon. William Cranch, Chief Judge.]